JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Luis Biascochea filed a timely motion for reconsideration of this court's judgment entered September 18, 2003, which affirmed the sentence imposed upon him by the trial court after appellant entered a guilty plea to one count of attempted gross sexual imposition, a felony of the fifth degree.
 {¶ 2} The test applied upon the filing of a motion for reconsideration in this court is stated as follows: whether appellant calls to its attention either an obvious error in its decision or raises an issue that was not considered at all or was not considered fully although it should have been. Filicky v. Filicky, Mahoning App. No. 99-C.A.-12.
 {¶ 3} Appellant argues this court made a misstatement of law inState v. Biascochea, Cuyahoga App. No. 82481, 2003-Ohio-4950 that requires correction. Appellant further argues this court failed to take the language of the Ohio Supreme Court's opinion in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165 into account in making its decision.
 {¶ 4} A review of the record in conjunction with appellant's arguments constrains agreement with them and, therefore, vacation of this court's previous judgment. State v. Northern, Allen App. No. 1-01-01, 2003-Ohio-523. Accordingly, the trial court's decision to impose the maximum sentence upon appellant must be reversed. Appellant's case must be remanded for a new sentencing hearing consistent with this reconsideration of the original judgment.
 {¶ 5} As set forth in the previous appellate opinion, appellant originally had been indicted on seven charges. He was accused of committing the crimes of rape, kidnapping with a sexual motivation specification, gross sexual imposition, intimidation, and child endangering. Appellant eventually entered a plea of guilty to only a charge of attempted gross sexual imposition, a felony of the fifth degree. The trial court accepted his plea, but before proceeding further, referred appellant for a presentence report and a psychological evaluation.
 {¶ 6} At the sentencing hearing, however, the trial court indicated it would not rely upon the presentence report, which contained inaccuracies. The trial court took into consideration appellant's criminal record, the victim's statement, and the circumstances surrounding appellant's case.[1] The trial court made several findings, set forth a few of its reasons, and ultimately imposed a sentence of twelve months of incarceration. This is the maximum term allowed for a fifth-degree felony offense.
 {¶ 7} Appellant appealed to this court.[2] In his second assignment of error, he argued the trial court had failed adequately to comply with statutory requirements before imposing a maximum term for a fifth degree felony offense.[3] This court reviewed the statements made by the trial court at the sentencing hearing, and determined its comments justified its decision. Thus, the trial court's imposition of a maximum term upon appellant was affirmed.
 {¶ 8} Appellant's motion for reconsideration first appropriately draws attention to a misstatement of law contained in this court's previous opinion. Pursuant to R.C. 2929.13(B)(2)(a), the trial court is required to make two findings in addition to its finding that a factor set forth in subsection (1) applies. The statement set forth in paragraph 21 that implies otherwise, therefore, is incorrect.
 {¶ 9} Appellant's motion for reconsideration further challenges this court's review of the precision of the trial court's three required findings in light of State v. Comer, supra. Before imposing a maximum term for a felony of the fifth degree, the trial court must have made on the record not only the specific subsection (B)(1)(a) finding, but also, second, "that a prison term is consistent with the purposes and principles of sentencing" set forth in R.C. 2929.11, and, third, "that the offender is not amenable to an available community control sanction * * *."
 {¶ 10} It would elevate form over substance to determine the trial court's statements in this case were inadequate to comply with the second requirement. Nevertheless, however, upon reconsideration in light of the language employed in Comer, this court is constrained to agree that the trial court failed in its duty specifically to "make a finding" that appellant was "not amenable to an available community control sanction."
 {¶ 11} In light of the record, this court cannot clearly and convincingly determine the trial court's decision was unsupported.[4]
However, since the trial court failed specifically to find appellant was not amenable to a community control sanction as required by R.C. 2929.13
(B)(2)(a), appellant's sentence must be reversed, and therefore, our opinion of September 18, 2003 is hereby vacated.
 {¶ 12} This case is remanded for a new sentencing hearing consistent with this judgment granting appellant's motion for reconsideration.
So ordered.
ANN DYKE, J. and SEAN C. GALLAGHER, J. CONCUR.
[1] The trial court did not clearly indicate whether it also was relying upon the psychological evaluation during the sentencing portion of the hearing.
[2] As noted in this court's previous opinion, the transcript of appellant's sentencing hearing indicated that the trial court additionally made two exhibits a part of the appellate record; appellant, however, did not request pursuant to App.R. 9(A) those exhibits be submitted to this court. See footnote 1.
[3] Appellant does not seek reconsideration of this court's disposition of his first assignment of error.
[4] Indeed, in view of the unique nature of sexual offenses, as implied by the passage in this country of the many "Megan's Laws," this court questions whether any community control sanction reasonably would be effective as a means of deterrence.