JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Lorenzo Nobles ("Nobles"), appeals from the trial court's decision to sentence him to the maximum term allowed by law. Finding error in the proceeding below, we reverse and remand.
 {¶ 2} The following facts give rise to this appeal. On October 14, 2003, Nobles was indicted by the Cuyahoga County Grand Jury on one count of possession of cocaine in violation of R.C. 2925.11, a felony of the fifth degree. Nobles pled guilty as indicted on December 1, 2003. At the plea hearing, the trial court noted that Nobles was on community control sanctions at the time he committed the offense in this case. The trial court ordered a presentence investigation report, and a sentencing hearing was held on December 19, 2003. At the sentencing hearing, the trial court sentenced Nobles to the maximum prison sentence of 12 months. Nobles filed a timely notice of appeal and advances one assignment of error for our review.
 {¶ 3} "I. The trial court erred when it imposed a prison sentence without making the findings required by R.C. 2929.13."
 {¶ 4} Nobles argues that the trial court did not make the requisite findings in accordance with R.C. 2929.13(B)(1) when sentencing him to prison as opposed to community control sanctions. Furthermore, Nobles argues the trial court failed to make the proper findings pursuant to R.C. 2929.14(C) when sentencing him to the maximum sentence for a felony of the fifth degree. The state argues that the proper findings for imposing the maximum sentence were made; however, the state concedes that the proper findings were not made pursuant to R.C. 2929.13. Nevertheless, the state argues that when the trial court made a finding supporting the maximum sentence, to also require that the trial court make additional findings that "a prison term is consistent with the principles and purposes of sentencing" and "appellant is not amenable to community control sanctions" is redundant and unnecessary to accomplish the purposes and principles of Senate Bill 2.
 {¶ 5} We will first address the maximum sentence issue. Appellant pled guilty to a felony of the fifth degree and was sentenced to the maximum term of 12 months in prison. The statutes to be applied when evaluating whether a maximum sentence is appropriate are R.C. 2929.14(C) and 2929.19(B)(2)(d). In order for a trial court to impose the maximum sentence, it must make the required findings set forth in R.C. 2929.14(C), which provides in relevant part: "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon * * * offenders who pose the greatest likelihood of committing future crimes. * * *" In addition, R.C.2929.19(B) requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed" if that sentence is the maximum. Failure to enumerate the findings behind the sentence constitutes reversible error. State v. Edmonson,86 Ohio St.3d 324, 329, 1999-Ohio-110.
 {¶ 6} In the case at bar, the trial judge stated the following:
{¶ 7} "THE COURT: I want to make it clear, on the record, inthis particular case, that I find that the rule indicates thatthe sentence of the longest term is only if I find that he posesthe greatest likelihood of committing future crimes. I indicatedbefore, he's had eleven previous convictions for drug abusebefore this case. He's had treatment on numerous occasions.
 {¶ 8} "But I think that not only this Court, but every othercourt that he's been in front of has gone out of their way to tryand help this individual.
 {¶ 9} "As a result of, you know, just repeated violationshere, I can't see anything other than the longest term being anecessary situation here. I think it will keep him off drugs.He's going to have an opportunity to obtain treatment in prison.
 {¶ 10} "It's not the best alternative, but it's the onlyalternative, I think, that [is] going to actually work for thisgentleman. So, that is why I'm imposing the longest term.
 {¶ 11} "Now you have the right to appeal. If you're unable topay the cost of appeal, the defendant has the right to appealwithout payment. * * *"
 {¶ 12} In this case, the trial court set forth on the record the finding (greatest likelihood to reoffend) which supports the sentence, as required by R.C. 2929.14(C). In addition, it gave its reasons (11 prior drug convictions and numerous failed attempts at treatment) for selecting the sentence imposed, as required by R.C. 2929.19(B)(2)(d), and Edmonson, supra.
 {¶ 13} That being said, because Nobles pled guilty to a felony of the fifth degree and was sentenced to prison, the trial court was required to make three additional findings pursuant to R.C. 2929.13(B)(2)(a). The court must make one of the findings delineated in R.C. 2929.13(B)(1)(a)-(i), and find that a prison sentence is consistent with the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as that the offender is not amenable to community control sanctions. R.C.2929.13(B)(2)(a).
 {¶ 14} If the trial court had made the required findings under R.C. 2929.13(B)(2)(a), then the court would have no choice but to impose a prison term. State v. Chandler, Cuyahoga App. No. 81922, 2003-Ohio-3529. However, if a court does not make one of the findings set forth in R.C. 2929.13(B)(1)(a)-(i), then the court must impose community control sanctions upon the offender under R.C. 2929.13(B)(2)(b), but only after considering the factors set forth in R.C. 2929.12, and then determining that community control sanctions are consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.
 {¶ 15} Nevertheless, where a court finds that none of the nine enumerated statutory factors apply, a trial court may still impose prison if it is consistent with the purposes and principles of sentencing, and if the offender is not amenable to community control sanctions. State v. Chandler, Cuyahoga App. No. 81922, 2003-Ohio-3529. Therefore, the trial court must make a finding either way. Since the court sentenced Nobles to prison, the court was required to find that Nobles was not amenable to community control sanctions.
 {¶ 16} Nobles argues that the trial court failed to make any of the proper findings outlined in R.C. 2929.13(B)(1)(a)-(i). Further, Nobles argues that none of the required findings indicated in R.C. 2929.13(B)(2) were made by the court. Finally, Nobles argues that State v. Biascochea II, Cuyahoga App. No. 82481, 2003-Ohio-6341, applies to the case at bar, requiring reversal.
 {¶ 17} We agree that the record of the sentencing hearing does not contain a specific finding even though the court could have found R.C. 2929.13(B)(1)(h) applied because Nobles was on probation when he committed this offense. Therefore, the statute requires the trial court to consider whether Nobles is amenable to community control sanctions.
 {¶ 18} In Biascochea, the defendant pled guilty to attempted gross sexual imposition, a felony of the fifth degree, and was sentenced to 12 months in prison. At the sentencing hearing, the trial court made a finding based on one of the enumerated factors in R.C. 2929.13(B)(1)(a)-(i), also finding that prison was "appropriate" and that the shortest term was not appropriate; however, the court failed to make a specific finding that the defendant was not amenable to community control sanctions. See State v. Biascochea I, Cuyahoga App. No. 82481, 2003-Ohio-4950; State v. Biascochea II, supra. With regards to the court's finding that prison was "appropriate," this court stated that "[i]t would elevate form over substance to determine the trial court's statements in this case were inadequate to comply with the second requirement [that prison is consistent with the purposes and principles of sentencing]." BiascocheaII. However, the trial court never addressed the issue of community control sanctions; therefore, this court ruled that the trial court's failure to specifically find that the defendant was not amenable to community control sanctions warranted reversal. Id.
 {¶ 19} We do not agree that Biascochea II stands for the proposition that the court must specifically find that "the defendant is not amenable to community controlled sanctions." We have repeatedly recognized that a trial court need not use the exact words of the statute; however, it must be clear and discernable from the record that the trial court made the required findings. State v. Ridgeway, Cuyahoga App. No. 82713,2004-Ohio-497; State v. Wynn (Dec. 2, 1999), Cuyahoga App. No. 75281. In the case at bar, the trial court failed to make a community control finding on the record. Although the court reasoned that Nobles had been given numerous opportunities to receive treatment in deciding to impose the maximum sentence, no discussions or findings were made as to community control sanctions. The court simply concluded that the only alternative was to sentence Nobles to prison, wherein he would be forced to stay off drugs and receive treatment.
 {¶ 20} Upon the record before us, it is not clear that the trial court made the required findings with regard to community control sanctions. Furthermore, the trial court failed to address the finding that "prison is consistent with the purposes and principles of sentencing" and accordingly must be reversed. The only specific finding made by the trial court was that Nobles had the greatest likelihood to reoffend.
 {¶ 21} Although we agree with the state that some findings may seem redundant, and sympathize with the court that must wade through a difficult and confusing statute in order to pass appellate review, it is still the law as stated in Senate Bill 2,State v. Edmondson, supra, and State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 22} Appellant's assignment of error is sustained.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., Concurs; Corrigan, A.J., Dissents. (SEE SEPARATE OPINION.)
 DISSENTING OPINION