JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Lonnie McCann appeals his sentence from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we vacate the sentence and remand for resentencing.
 {¶ 2} In November 2004, McCann pled guilty in case number CR4-55364 to one count of tampering with evidence, a felony of the third degree; one count of possession of drugs, a felony of the fourth degree; and two counts of drug trafficking, both felonies of the fifth degree. He was referred for a presentence investigation.
 {¶ 3} In February 2005, McCann pled guilty in case number CR4-59305 to possession of drugs, a felony of the first degree. In addition, he pled guilty in case number CR-459558 to having a weapon while under disability, a felony of the third degree; carrying a concealed weapon, a felony of the fourth degree; possession of drugs, a felony of the fifth degree; and possession of criminal tools, a felony of the fifth degree.
 {¶ 4} That same day the trial court sentenced McCann in all three cases. In case number CR-455364 he was sentenced to a total of fifteen months in prison. In case number CR-459305 McCann was sentenced to five years in prison. Finally, in case number CR-459558 he was sentenced to a total of two years in prison. In each case, the sentence was ordered to run consecutively, for a total sentence of eight years and three months.
 {¶ 5} McCann appeals, advancing two assignments of error for our review.
 {¶ 6} "I. The trial court violated Mr. McCann's Sixth Amendment right to trial by jury when it imposed a sentence that exceeded the minimum concurrent sentence of three years of imprisonment on the basis of findings neither made by a jury nor admitted by the defendant."
 {¶ 7} McCann argues that his sentence is contrary to law and violates the United States Supreme Court's decision in Blakelyv. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, because the trial court made findings that should have been made by a jury. McCann's argument that Blakely is implicated because his sentence exceeds the statutory minimum must be rejected. This court recently addressed the issue of nonminimum sentences in the en banc decision of State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. In Atkins-Boozer, this court held that R.C. 2929.14(B), which governs the imposition of more than minimum sentences, does not implicate the Sixth Amendment as construed in Blakely.[1]
 {¶ 8} Accordingly, in conformity with that en banc opinion, McCann's first assignment of error is overruled.
 {¶ 9} "II. The trial court erred in ordering that the sentences on each of the three case numbers CR 455364, 459305 and 459558 run consecutively to each other."
 {¶ 10} R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime." State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 11} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 12} Thus, a trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c).Stadmire, supra; see, also, State v. Comer,99 Ohio St.3d 463, 2003-Ohio-463. A trial court's failure to sufficiently state its reasons on the record constitutes reversible error. Id.
 {¶ 13} These findings, together with the trial court's reasons for the findings, must be made on the record and must be supported by clear and convincing evidence. R.C.2929.19(B)(2)(e); R.C. 2953.08(G)(1); State v. Comer,99 Ohio St.3d 463, 2003-Ohio-463, State v. Edmonson (1999),86 Ohio St.3d 324.
 {¶ 14} In this case, the trial court laid out McCann's extensive criminal history. Then the court found that consecutive sentences were necessary to protect the public and to punish McCann. In addition, the trial court found that McCann had committed more crimes while under indictment for the first case. However, the court failed to specifically make a finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public pursuant to R.C. 2929.14(E)(4). Thus, we must vacate the sentence and remand the case for resentencing.
 {¶ 15} Although we agree with the state that some findings may be implied though not directly expressed during the sentencing hearing, and we sympathize with the trial court which must wade through a difficult and confusing statute in order to pass appellate review, it is still the law as stated in Senate Bill 2, State v. Edmondson, supra, and State v. Comer, supra. See also, State v. Nobles, Cuyahoga App. No. 84102,2004-Ohio-6626.
Judgment vacated and case remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Rocco, J., concur.
[1] See my concurring and dissenting opinion in State v.Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, and Judge James J. Sweeney's dissenting opinion in State v.Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, in which I concurred.