JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert E. Davis, appeals the judgments of the Cuyahoga Court of Common Pleas sentencing him to a five-year-prison term and labeling him a sexual predator. For the reasons that follow, we affirm.
 {¶ 2} The record before us demonstrates that appellant, who was then 18 years old, attacked the victim in this case, who was then 17 years old, in a secluded area of Edgewater Park. Specifically, appellant threw her to the ground, and told her that he was going to have sex with her. When she refused, appellant pulled up her skirt and pulled down his pants. While appellant was pulling his pants down, the victim was able to escape and return to the area of the park where her family was located. Appellant followed her and threatened her, but retreated once she reached her family.
 {¶ 3} Upon reaching her family and describing what had occurred, the Park Rangers were immediately notified and an investigation ensued. The victim and three of her family members identified appellant from a photo line-up. After negotiations with the State, appellant pled guilty to attempted rape, a felony of the second degree, and was sentenced to five years in prison. Appellant was also labeled a sexual predator.
 {¶ 4} In his first assignment of error, appellant contends, in essence, that the trial court's label of him as sexual predator was against the manifest weight of the evidence.
 {¶ 5} A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997),78 Ohio St.3d 380, 386-87, 678 N.E.2d 541. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v. Florida (1982), 457 U.S. 31, 42, 102 S. Ct. 2211, 2218,72 L. Ed. 2d 652. In taking on this role, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new proceeding ordered. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 6} Where a judgment is supported by competent, credible evidence going to all essential elements to be proven, the judgment will not be reversed as being against the manifest weight of the evidence. C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In its inquiry, the reviewing court presumes that the trial court's findings of fact were correct. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273. If the evidence is susceptible to more than one construction, the reviewing court must give the evidence an interpretation consistent with the trial court's judgment and most favorable to sustaining the judgment. Id. at 80, fn. 3, citing 5 Ohio Jurisprudence 3d (178), 191-192, Appellate Review, Section 603.
 {¶ 7} R.C. 2950.09(B)(4) specifically provides that a determination of whether an offender is a sexual predator must be supported by clear and convincing evidence. Therefore, we review the record to determine whether, after both parties have presented their cases, there exists clear and convincing evidence to support the State's contention that appellant is a sexual predator.
 {¶ 8} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. Therefore, clear and convincing evidence will be found, as a matter of law, where the record does not demonstrate that there is a sufficient conflict in the evidence presented. Id. at 479.
 {¶ 9} In making its decision whether an offender is a sexual predator, the trial court is guided by the factors listed in R.C.2950.09(B)(3). R.C. 2950.09(B)(3) states:
 {¶ 10} "In making a determination under divisions (B)-(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 11} "(a) The offender's or delinquent child's age;
 {¶ 12} "(b) The offender's or delinquent child's prior criminal record or delinquency regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 15} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act, and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 18} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 21} In the instant case, after considering the presentence investigation report, the sexual predator evaluation prepared by the Court Psychiatric Clinic, State's Exhibit One (a copy of appellant's juvenile court adjudication for gross sexual imposition) and State's Exhibit Two (a copy of the statement from Venina Linder, the mother of appellant and the three-year-old victim of the gross sexual imposition adjudication), the trial court found several of the R.C. 2950.09(B)(3) factors weighed heavily in favor of labeling appellant a sexual predator. Specifically, appellant was 18 years old at the time of the time of the offense, and the victim was 17 years old. As indicated in the Sexual Predator Evaluation prepared by the Court Psychiatric Clinic, defendants who are younger than 25 years of age present a higher risk to re-offend in a sexual nature.
 {¶ 22} The trial court also relied on the fact that appellant has a prior criminal record, including adjudications for domestic violence, felonious assault and robbery. Appellant also has a prior adjudication for gross sexual imposition, which involved sexual contact he had with his three-year-old brother. Further, the court noted that while appellant did participate in a program for sexual offenders as a result of the gross sexual imposition adjudication, he re-offended when he committed the within crime.
 {¶ 23} Moreover, the trial court found that appellant has antisocial personality disorder, which is "based on a pervasive pattern of disregard for the law and the rules of society, as demonstrated by repeated arrests and aggressive acting out." In that regard, the court noted that appellant has a conduct disorder which manifested prior to the age of 15 as demonstrated by truancy, staying out without parental permission, fighting and placement in juvenile facilities. Appellant was removed from the Berea Group Home for feloniously assaulting a fellow resident.
 {¶ 24} Additionally, the court found, based on the circumstances surrounding this crime, that appellant's expressions and acts after the victim indicated she was not interested in his advances constituted cruelty.
 {¶ 25} Finally, the court noted that the Sexual Predator Evaluation indicated that appellant has a 53% chance of re-offending sexually within 15 years.
 {¶ 26} Upon review, we find that the weight of the evidence fully supported the trial court's decision to adjudicate appellant a sexual predator. Appellant's first assignment of error is overruled.
 {¶ 27} In his second assignment of error, appellant contends that the five-year prison term the trial court sentenced him to was in violation of his constitutional rights.
 {¶ 28} R.C. 2929.14(B)requires a trial court to impose a minimum sentence for first-time imprisonment, unless it "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2); see, also, State v. Jones,93 Ohio St.3d 391, 398, 2001-Ohio-1341, 754 N.E.2d 1252. The within case was the first criminal case appellant had in the adult system and, thus, he was a first-time felony offender. Accordingly, in sentencing appellant to the more than minimum term of imprisonment for the within second-degree felony, the trial court found "that a minimum period of incarceration would both demean the seriousness of the offense, and given the history of violence and the single history of sexual conviction, * * * minimum time would not adequately protect the public." Thus, the trial court clearly complied with R.C. 2929.14(B).
 {¶ 29} Appellant, however, argues that the imposition of more than the minimum sentence was in violation of the United States Supreme Court's decision in Blakely v. Washington (2004), 124 S.Ct. 2531. This issue has recently been addressed in this court's en banc decision of State v.Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. InAtkins-Boozer, we held that R.C. 2929.14(B) does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject appellant's contention and overrule his second assignment of error.
 {¶ 30} In his third and final assignment of error, appellant argues that R.C. Chapter 2950 is punitive in nature by providing punishment beyond the statutory maximum. Thus, according to appellant, and in accordance with Blakely, supra, and Apprendi v. New Jersey (2000),120 S.Ct. 2348, the indictment against him should have charged him with being a sexual predator; he either should have admitted being a sexual predator or had the issue submitted to a jury; and the standard of proof as to whether he is a sexual predator should have been beyond a reasonable doubt.
 {¶ 31} Appellant's contention that R.C. Chapter 2950 is punitive in nature is without merit in light of the decision of the Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, as well as this court's interpretation of the Cook decision in State v. Ward
(1999), 130 Ohio App.3d 551. In those cases, it was determined that the notification, registration and verification provisions of R.C. 2950 are remedial in nature rather than punitive and, therefore, R.C. 2950 is constitutional in scope as well as application.
 {¶ 32} Further, appellant's argument that he was denied due process of law because his indictment did not contain an allegation or claim that he was a sexual predator is without merit. In essence, he claims that absent notice by way of pleading or indictment, he cannot be held to answer to any charge that he is a sexual predator. The flaw in appellant's argument is that he likens the sexual predator determination to either a charge or a kind of specification that requires proof beyond a reasonable doubt. This is simply not the case. Both a charge and a specification are substantive allegations of criminal wrongdoing. The substantive nature of a charge is obvious, and Crim.R. 7 requires that all felony charges be set forth in an indictment in order to provide notice to the offender. Likewise, specifications are typically used to enhance either the penalty for an offense (i.e., a violence specification) or to impose a separate penalty (i.e., a gun specification), and they, too, are substantive and must be contained in the indictment.
 {¶ 33} A sexual predator determination is not like a charge or specification because it is remedial, not punitive in nature. In Cook,
supra, the Supreme Court of Ohio held that a sexual predator determination is a remedial determination designed to assist law enforcement officials "[in] remain[ing] vigilant against possible recidivism by offenders." Id. at 417. Because the sexual predator law is remedial, it cannot comprise a substantive element of the charged sex offenses, and appellant was not entitled to notice in the indictment that he might be determined to be a sexual predator. Appellant's third assignment of error is hereby overruled.
 {¶ 34} Having found all of appellant's assignments of error to be without merit, the judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Calabrese, Jr., J., Concur.