DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the judgment of the Sandusky County Court of Common Pleas wherein, following a plea of guilty, appellant, Lynn Adams, was found guilty on one count of trafficking in crack cocaine, a felony of the fourth degree, in violation of R.C.2925.03(A)(1) and (C)(4)(b), and sentenced on August 2, 2004 to 15 months at the Ohio Reformatory for Women, plus costs. For the reasons set forth below, this court affirms the decision of the trial court.
 {¶ 2} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel for appellant states that, after carefully reviewing the transcript and record of proceedings in the trial court, and after researching case law and statutes relating to potential issues, he was unable to find any meritorious, non-frivolous, appealable issues. Counsel for appellant does, however, set forth the following potential assignment of error:
 {¶ 3} "The trial court committed reversible error by imposing prison after the court considered facts not admitted by the appellant in violation of appellant's Sixth Amendment right to trial by jury and contrary to the United States Supreme Court's ruling in Blakely v.Washington (2004), 542 U.S. ___, 124 S.Ct. 2531."
 {¶ 4} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} The potential assignment of error raised in counsel's Anders'
brief concerns whether, in sentencing appellant, the trial court erroneously considered facts not admitted by appellant, in violation of appellant's Sixth Amendment right to trial by jury and contrary to the United States Supreme Court's ruling in Blakely, ___ U.S. ___,124 S.Ct. 2531. This court has previously held that the decision inBlakely does not apply to Ohio's indeterminate sentencing scheme. Statev. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, ¶ 18. Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present in this case concerning Blakely.
 {¶ 7} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J.,, concur.