JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Nicola Atkins-Boozer ("Atkins-Boozer"), appeals her conviction and sentence for aggravated vehicular homicide, child endangerment, and failure to stop after a motor vehicle accident. Finding no merit to the appeal, we affirm.
 {¶ 2} The events giving rise to the charges occurred on July 6, 2003, when Atkins-Boozer drove to the Eddy Road area of Cleveland, to obtain drugs while her five-year-old son was in the back seat. The evidence at her jury trial revealed that Atkins-Boozer made two attempts to "con" a drug dealer by speeding away without paying for the drugs. On her second attempt, Atkins-Boozer encountered the victim, who hung onto her vehicle as she sped off. After being dragged by the vehicle, the victim died.
 {¶ 3} The jury found Atkins-Boozer guilty of the three charges and the trial court sentenced her to three years in prison for aggravated vehicular homicide and six months in jail on the remaining charges, with all terms to run concurrently.
 {¶ 4} Atkins-Boozer appeals, raising three assignments of error.
 Other Acts Evidence {¶ 5} In her first assignment of error, Atkins-Boozer claims that the trial court erred by admitting "other acts" testimony. She argues the trial court erred by allowing testimony about her numerous encounters with the Painesville police, including those relating to "drug activity." She further claims that the trial court improperly allowed testimony concerning her history of buying drugs, failing to care for her child, and prostituting herself for drugs. Evid.R. 404(B) provides:
"Other crimes, wrongs or acts. Evidence of the other crimes, wrongs, oracts is not admissible to prove the character of a person in order toshow that he acted in conformity therewith. It may, however, beadmissible for other purposes, such as proof of motive, opportunity,intent, preparation, plan, knowledge, identity, or absence of mistake oraccident."
 {¶ 6} Similarly, R.C. 2945.59 provides that evidence of other crimes may be admissible to show "motive or intent, the absence of mistake or accident on [defendant's] part, or the defendant's scheme, plan, or system in doing the act in question."
 {¶ 7} Evid.R. 404(B) and R.C. 2945.59 are exceptions to the general rule which excludes evidence of previous or subsequent criminal acts by the accused which are wholly independent of the charges for which the accused is on trial. State v. Hector (1969), 19 Ohio St.2d 167. Because they are exceptions, Evid.R. 404(B) and R.C. 2945.59 are strictly construed against admissibility. "Other acts" evidence may be admitted only if the other act tends to show by substantial proof any of those elements enumerated in R.C. 2945.59 and Evid.R. 404(B). State v. Broom
(1988), 40 Ohio St.3d 277, paragraph one of the syllabus. The acts may or may not be similar to the crime at issue. Id.
 {¶ 8} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine whether the trial court's decision to admit or exclude the evidence was arbitrary, unreasonable, or unconscionable and not merely an error of judgment. State v. Xie (1992), 62 Ohio St.3d 521.
 {¶ 9} With regard to Atkins-Boozer's claim involving the testimony of a drug dealer, Fredrick Brown testified concerning Atkins-Boozer's drug activities and prostitution and her behavior toward her child. We initially note that defense counsel never objected to this testimony. Atkins-Boozer has therefore waived all but plain error. However, even if defense counsel had objected to the testimony, we find that the trial court properly admitted the evidence.
 {¶ 10} This evidence was offered in the instant case to demonstrate intent, motive, or plan. Atkins-Boozer's theory at trial was that she was the victim of a carjacking. She claimed that she drove to the Eddy Road area in Cleveland to visit a friend. In contrast, the State's theory was that the offenses arose out of Atkins-Boozer's attempt to "scam" the victim out of drugs. Brown's testimony demonstrated that Atkins-Boozer routinely drove to the area to buy drugs and that she "knew the system" of purchasing drugs on the street — a quick exchange with the dealer while the buyer remained in the car with the engine running. He further stated that she would prostitute herself for drugs in her child's presence. Thus, the testimony showed that Atkins-Boozer came to the area to buy drugs and not to visit a friend. Further, the evidence was indicative of her system of buying drugs in the area with her son in the back seat.
 {¶ 11} Atkins-Boozer further claims that the trial court improperly allowed the admission of evidence that suggested that she had at least 12 previous encounters with the Painesville police, some involving drug activity. Painesville police officer Abraham Alamo ("Alamo") testified that he responded to a Cleveland police request to impound a vehicle registered to Atkins-Boozer, a Painesville resident. Officer Alamo located the vehicle and told Atkins-Boozer to contact the Cleveland police. At trial, he confirmed that the vehicle was parked behind Atkins-Boozer's residence and that the vehicle had been damaged. He also testified about Atkins-Boozer's nervous demeanor when he confronted her. He stated that her initial response upon seeing him was to ask whether she was going to be arrested. She next claimed that she had been the victim of a carjacking, although she acknowledged that she had not reported the incident to the police.
 {¶ 12} The State further questioned Officer Alamo regarding his familiarity with Atkins-Boozer. He was asked how often he had been in her "presence" prior to that evening, and he replied, "12, 15 times." Admittedly, the admission of this testimony was irrelevant and prejudicial to Atkins-Boozer's case and violated Evid.R. 404(B). It served no purpose but to imply that she had a number of "encounters" with the police and, therefore, she had a "bad character." However, despite the statement's improper admission, we find it to be harmless error.[1]
 {¶ 13} Pursuant to Crim.R. 52(A), "any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In order to find an error harmless, a reviewing court must be able to declare a belief that the error was harmless beyond a reasonable doubt.State v. Lytle (1976), 48 Ohio St.2d 391, 403. A reviewing court may overlook an error where the admissible evidence comprises "overwhelming" proof of a defendant's guilt. State v. Williams (1983), 6 Ohio St.3d 281,290. "Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal." State v. Brown, 65 Ohio St.3d 483, 485,1992-Ohio-61.
 {¶ 14} In the instant case, there was overwhelming proof of Atkins-Boozer's guilt, notwithstanding the inadmissible testimony. It was undisputed that Atkins-Boozer dragged the victim while he was hanging from her car. There was testimony that she attempted to remove him from the car by weaving back and forth, but, when those efforts failed, she "sideswiped" a parked car. Although Atkins-Boozer claimed that she was the victim of a carjacking, she never reported the incident. Further, her response to the situation was not consistent with a victim's normal response. She never called the police nor asked for help from any of the people gathered near the incident. When Officer Alamo came to her residence, her first concern was whether she was going to be arrested. This evidence overwhelmingly demonstrated Atkins-Boozer's guilt on aggravated vehicular homicide and failing to stop after a motor vehicle accident. As for the child endangerment charge, it was undisputed that her child was in the back seat of the car throughout the incident.
 {¶ 15} Accordingly, the first assignment of error is overruled.
 Sufficiency of the Evidence {¶ 16} In her second assignment of error, Atkins-Boozer claims that the trial court erred in denying her motion for acquittal on child endangerment. She argues that the State was prohibited from charging her under the general provision of the child endangerment statute because her conduct fell within R.C. 2919.22(C), a more specific provision. Because the State failed to prosecute her under this provision, she claims that her conviction under the more general provision, R.C. 2919.22(A), cannot stand. This argument lacks merit.
 {¶ 17} First, the Ohio Supreme Court held in State v. Volpe (1988),38 Ohio St.3d 191, paragraph one of the syllabus, that "[w]here there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence." However, a special provision prevails only after it is determined that the conflict between it and the general provision is irreconcilable. The instant case does not involve conflicting general and special provisions. Rather, Atkins-Boozer refers to two different subsections in the same statute which contain the same penalty. Her suggestion that the State must indict her under one subsection over the other is completely erroneous. The State has discretion to decide which charges to bring against a defendant.
 {¶ 18} Second, the State never argued that the child endangerment count stemmed from the fact that Atkins-Boozer was intoxicated or "high" while operating her vehicle. See R.C. 2919.22(C) (operating a motor vehicle while under the influence of alcohol or drugs with a minor child in the vehicle constitutes child endangerment). Rather, the State argued that Atkins-Boozer's actions fell under R.C. 2919.22(A), which provides in pertinent part:
"(A) No person, who is the parent, guardian, custodian, person havingcustody or control, or person in loco parentis of a child under eighteenyears of age or a mentally or physically handicapped child undertwenty-one years of age, shall create a substantial risk to the health orsafety of the child, by violating a duty of care, protection, orsupport."
 {¶ 19} A motion for acquittal may be granted only where the evidence is insufficient to sustain a conviction. Crim.R. 29(A); State v.Apanovitch (1987), 33 Ohio St.3d 19, 23. "In essence, sufficiency is a test of adequacy." State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id., citing State v. Robinson (1955), 162 Ohio St. 486.
 {¶ 20} In reviewing the sufficiency of the evidence in a criminal case, an appellate court will not reverse a conviction where there is substantial evidence, viewed in a light most favorable to the prosecution, which would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,273, State v. Bridgeman (1978), 55 Ohio St.2d 261, 263.
 {¶ 21} The evidence offered by the State revealed that Atkins-Boozer attempted to purchase drugs from the victim, dragged him with her car, rammed him against a parked car, and fled the scene, all with her child in the back seat. These actions clearly created a "substantial risk to the safety" of her child. Accordingly, this court cannot say that the trial court erred in denying her motion for acquittal.
 {¶ 22} The second assignment of error is overruled.
 Sentencing — EN BANC {¶ 23} In her final assignment of error, Atkins-Boozer claims that her sentence must be vacated because the trial court imposed more than the minimum sentence. She argues that, in light of the United States Supreme Court's recent decision in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403, the trial court was prohibited from imposing more than the minimum term without the jury deciding the factual question of whether the minimum term would "demean the seriousness of the offense." We disagree.
 {¶ 24} R.C. 2929.14(B)(2) provides that the trial court must impose the minimum sentence on an offender who has not previously served a prison term, unless the court finds one of the following on the record: (1) "that the shortest prison term will demean the seriousness of the offender's conduct" or (2) "will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2).
 {¶ 25} The Ohio Supreme Court has held that, "pursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,469, 2003-Ohio-4165. However, the trial court is not required to give specific reasons for its finding pursuant to R.C. 2929.14(B)(2). Id., citing State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 26} The specific question before this court en banc is whether the findings set forth in R.C. 2929.14(B), required for the imposition of more than the minimum sentence on a "first offender," implicate the Sixth Amendment as construed by the United States Supreme Court in Blakely andU.S. v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621.[2]
 {¶ 27} We find this court's analysis in Lett, addressing the imposition of maximum and consecutive sentences, to be equally applicable and pertinent to the instant case. In Lett, we held that the findings required under R.C. 2929.14(C) and (E) for the imposition of maximum and consecutive sentences do not implicate the Sixth Amendment as construed in Blakely and Booker. In reaching this conclusion, we recognized that Ohio's hybrid sentencing scheme "stands in stark contrast" to the grid sentencing schemes invalidated in Blakely and Booker.
 {¶ 28} Because Ohio has a hybrid sentencing scheme that imposes determinate sentences from an indeterminate range of possible terms, a defendant knows from the point of indictment what the possible maximum term of incarceration will be for a particular offense. For example, in the instant case, Atkins-Boozer was found guilty of aggravated vehicular homicide, a third degree felony, which carries a prison term of one, two, three, four, or five years. See R.C. 2929.14(A). Thus, the maximum sentence that she could receive for her conviction of a third degree felony is five years. The findings required under R.C. 2929.14(B) do nothing to change the maximum sentence that could be imposed, i.e., Atkins-Boozer could never be sentenced to more than five years for the offense. In contrast, the grid sentencing schemes in Blakely and Booker
failed to ensure that the maximum sentence an offender could receive was derived from the jury verdict or guilty plea, and allowed a harsher sentence based on additional fact-finding by the sentencing court. SeeState v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923, ¶ 59.
 {¶ 29} Indeed, in Lett, this court determined that the findings required under Senate Bill 2 do not constitute "additional" facts which implicate Blakely. Rather, the findings required under Senate Bill 2 for determining the appropriate sentence (within the range set in R.C.2929.14(A)) are distinctively different than the factual determinations at issue in Blakely and Booker. In Booker, the defendant pled guilty to possessing 50 grams of crack cocaine, but the sentencing judge found that Booker actually possessed 92.5 grams and sentenced him on that basis. Likewise, in Blakely, the sentencing judge went beyond the facts determined by the jury and found that Blakely committed his offense with "deliberate cruelty," thereby imposing a harsher sentence. As recognized in Lett, these facts could easily have been charged as elements of the offense because they were objective findings and thus readily amenable to disposition at trial. Conversely, the statutory findings required under Senate Bill 2 for imposing a maximum sentence or a nonminimum sentence on a first offender are purely subjective in nature and not amenable to disposition based solely on facts found by the trier of fact or admitted in a plea.
 {¶ 30} Applying the same reasoning to the instant case, we hold that R.C. 2929.14(B) is constitutional and does not implicate the Sixth Amendment as construed in Blakely and Booker. Although the factors enumerated in R.C. 2929.14(B) guide a trial court in determining the appropriate sentence based on the defendant's conduct, they do not permit a trial court to impose any sentence beyond the prescribed statutory range, as contained in R.C. 2929.14(A).
 {¶ 31} Further, the subjective determination of whether a minimum sentence would demean the seriousness of the offense is not a matter to be determined by a jury. Rather, the finding is a matter reserved for the sound discretion of the trial court and necessary for its determination of the appropriate sentence within the statutory range. See, Combs,
supra, ¶ 58; State v. Allen, Lake App. No. 2004-L-038, 2005-Ohio-1415, ¶ 32, citing State v. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412, at ¶¶ 56-60; State v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003, ¶ 40. As stated by Justice Stevens in Booker, "We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. * * * For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." (Citations omitted.) Booker, 125 S.Ct. at 750.
 {¶ 32} Finally, we note that our resolution of this issue is consistent with the majority of Ohio appellate courts. Ten of the 12 Ohio appellate districts have held that Ohio's sentencing scheme does not violate the Sixth Amendment as construed in Blakely. See, State v.Collier, 2d Dist. No. CA2003-11-282, 2005-Ohio-944, ¶ 41; State v.Scarberry, 3d Dist. No. 8-04-32, 2005-Ohio-1425, ¶ 10, citing State v.Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, ¶ 23; State v. Ward, 4th
Dist. No. 04CA25, 2005-Ohio-1580, ¶ 14; State v. Rorie, 5th Dist. No. 2002CA00187, 2005-Ohio-1726, ¶ 69, quoting State v. Iddings, 5th Dist. No. 2004CAA06043, 2004-Ohio-7312, ¶ 12; State v. Adams, 6th Dist. No. S-04-17, 2005-Ohio-1548, ¶ 6, quoting State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, ¶ 18; State v. Goins, 7th Dist. No. 02 CA 68, 2005-Ohio-1439, ¶ 111; State v. Burns, 9th Dist. No. 22198, 2005-Ohio-1459, ¶¶ 4-5; State v. Sieng, 10th Dist. No. 04AP-556, 2005-Ohio-1003, ¶ 37; State v. Rubert, 11th Dist. No. 2003-L-54, 2005-Ohio-1098, ¶ 48; State v. Gann, 12th Dist. No. CA2004-01-028, 2005-Ohio-678, ¶ 16.
 {¶ 33} Applying R.C. 2929.14(B) to the instant case, we find clear and convincing evidence supporting the trial court's determination that a nonminimum sentence would demean the seriousness of the offense. The record reveals that the offenses were part of a continuing course of conduct in which Atkins-Boozer attempted to steal drugs on more than one occasion, with the final attempt resulting in the victim's death. In sentencing Atkins-Boozer, the trial court stated:
"When the Court considers the minimum sentence in this case, the Courtfeels that the minimum sentence would demean the seriousness of theoffense, and in light of the fact that this was a continuing situation,that Miss Boozer, who is a very smart individual, could have foreseenoccurring — and the Court says that because she continuously leftPainesville to come into the City of Cleveland to purchase drugs, and asshe would continuously involve her son, and bring her son down, exposinghim to the dangers of purchasing drugs on the street, and after thetestimony, during the trial, was that she had attempted to do one ofthese * * * [p]ull-offs when she was down here this time, but apparentlythis was not far from the location where this incident occurred, that sheattempted it on one occasion, it was unsuccessful, so she went around thecorner and engaged in the conduct again, whereupon she encountered Mr.McBee, and this tragedy took place."
 {¶ 34} Accordingly, in light of Atkins-Boozer's conduct in the instant case, we cannot say that a nonminimum sentence is contrary to law.
 {¶ 35} The final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Sweeney, J. concur on the first two assignments of error.
Cooney, writing for the majority on the constitutionality of nonminimum sentences. Blackmon, Celebrezze, Jr., Calabrese, Jr., Kilbane, McMonagle, and Corrigan concur.
Sweeney, dissenting on the constitutionality of nonminimum sentences. Dyke, Karpinski, Rocco, and Gallagher concur.
Karpinski, dissenting on the constitutionality of the en banc procedure. McMonagle concurs only as to Part I of Judge Karpinski'S dissenting opinion.
Gallagher, concurring in part as to the constitutionality of the court's en banc procedure. Blackmon, Celebrezze, Jr., Sweeney, Cooney, Calabrese, Jr., Kilbane, Rocco, and Corrigan concur.
[1] To the extent that Atkins-Boozer claims that Officer Alamo implied that she was involved in drug activity, we disagree. Officer Alamo testified that he had no firsthand knowledge of any drug activity involving Atkins-Boozer.
[2] In conjunction with the release of this opinion, we also releaseState v. Lett, Cuyahoga App. Nos. 84707 and 84729, in which we address issues relating to the imposition of maximum and consecutive sentences.
 CONCURRING AND DISSENTING OPINION