{¶ 17} I respectfully dissent from the judgment and analysis of the majority.
 {¶ 18} Although the majority does not address it, it is my view that this issue requires application of the Apprendi, Blakely and Booker
decisions for proper resolution. I believe the analysis outlined in Judge James J. Sweeney's dissent in State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, and my concurring and dissenting opinion in Statev. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, properly address the Apprendi, Blakely and Booker issues governing "more than the minimum" sentences in Ohio. Nevertheless, because the majority en banc decision in those cases declines to apply Apprendi, Blakely and the remedy in Booker to Ohio's sentencing statutes, I am bound by the majority decision that finds Ohio's sentencing process for "more than the minimum" sentences constitutional. Accordingly, in conformity with those opinions, I reject Nawash's contentions and overrule Nawash's first assigned error.
 {¶ 19} With respect to the majority's decision, I respectfully disagree with the majority view that there was no evidence in the record to support more than the minimum sentence on each offense. The facts reveal that Nawash conspired over a protracted period of time with others to have his store burned so he could collect the $100,000 insurance policy. His involvement was not passive, nor was it limited in time to one act. He actively participated in the solicitation, planning, and implementation of the offenses. It was only through the efforts of federal agents that the intended crime was thwarted.
 {¶ 20} Initially, the trial court imposed a nine-year prison term. This sentence was reversed and vacated, and the trial court then imposed a four-year prison term. I believe this term, in light of the facts, was proper and supported the trial court's view that a minimum sentence would demean the seriousness of the offense.
 {¶ 21} For these reasons, I would affirm the decision of the trial court.