{¶ 51} I concur with the judgment and analysis of the majority on assignments of error numbered one, three, four, and five. I concur in judgment only with respect to assignments of error two and six.
 {¶ 52} The second assignment of error presents the unique issue of a defendant seeking to introduce the hearsay statement of a co-defendant or accomplice in support of his defense. We addressed the implications ofCrawford v. Washington (2004), 124 S.Ct. 1354, in State v. Allen, Cuyahoga App. No. 82556, 2004-Ohio-3111. That case, however, dealt with the state attempting to introduce a statement, whereas here we have the defense attempting to use an out-of-court statement. At the time of the Allen
decision, we noted the historic tests for admissibility of such hearsay statements:
 {¶ 53} "Historically, the right of confrontation has not been absolute. Where a declarant was deemed unavailable at trial and the state sought to offer his out-of-court statement against the accused, the court was required to determine whether the Confrontation Clause permitted the state to deny the accused his usual right to force the declarant to submit to cross-examination. California v. Green (1999), 399 U.S. 149.
 {¶ 54} "The test to determine admissibility was outlined by the United States Supreme Court in Ohio v. Roberts (1980), 448 U.S. 56. In Roberts,
the Court held that the Sixth Amendment Confrontation Clause does not bar admission of an unavailable witness's statement against a criminal defendant if the statement bears `adequate "indicia of reliability."' Id. at 66." Allen.
 {¶ 55} While I am not suggesting that the state has the same right to confrontation that the defendant possesses, the Crawford decision suggests the prior "reliability" tests are no longer valid. Although I agree with the assessment by the majority that Hemphill was not called by Lynch and thus was not "unavailable," I respectfully withhold support for the view that his testimony if unavailable would be assessed under the old Roberts rule.
 {¶ 56} With respect to Lynch's sixth assignment of error, I concur in judgment only with the majority.[1]
 APPENDIX A
Appellant's six assignments of error:
"I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN APPELLANT'S CONVICTION."
"II. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS THEREBY HIS RIGHT TO A FAIR TRIAL WHEN IT DENIED APPELLANT THE ABILITY TO INTRODUCE EXCULPATORY EVIDENCE."
"III. APPELLANT WAS DENIED HIS EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION."
"IV. THE TRIAL COURT ERRED IN FAILING TO PROVIDE A JURY INSTRUCTION ON INVOLUNTARY MANSLAUGHTER WHICH WAS A LESSER INCLUDED OFFENSE OF AGGRAVATED MURDER."
"V. THE APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
"VI. THE TRIAL COURT ERRED BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.14, R.C. 2929.19, AND IN VIOLATION THE FIFTH
AMENDMENT DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION."
[1] See my concurring and dissenting opinion in State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, and Judge James J. Sweeney's dissenting opinion in State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, in which I concurred.