JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Anton McCall ("McCall"), appeals his sentence in the Cuyahoga County Court of Common Pleas upon his conviction for possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree, and possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree. For the reasons stated below, we affirm.
 {¶ 2} McCall entered a plea of guilty to the above charges. The court sentenced McCall to a prison term of eight months on each count and ordered the terms to run concurrently. McCall has appealed his sentence, raising one assignment of error for our review, which provides:
 {¶ 3} "I: Anton McCall has been deprived of his constitutional right to a trial by jury by the sentence in the case at bar, as it was based upon findings of fact made by the trial court which were never submitted to the jury."
 {¶ 4} R.C. 2929.14(B) provides: "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 5} McCall argues that his sentence is contrary to law and violates the United States Supreme Court's decision in Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, because the trial court, in imposing more than the minimum sentence, determined that he had previously served a prison term rather than allowing a jury to make this finding.
 {¶ 6} We find no merit to McCall's argument. As this court recently stated in State v. Diamond, Cuyahoga App. No. 84898, 2005-Ohio-3413: "R.C. 2929.14(B) applies to defendants who have never served time in prison." Therefore, R.C. 2929.14(B) does not apply to defendants who have previously served time in prison. Id. Upon review of the record, including the presentence investigation report, we find the trial court correctly noted that McCall had previously served a prison term. Because McCall served a prior prison term, R.C. 2929.14(B) does not apply to his sentence.
 {¶ 7} Even if this statute applied, McCall's argument that Blakely is implicated because his sentence exceeds the statutory minimum must be rejected. This court recently addressed the issue of nonminimum sentences in the en banc decision of State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. In Atkins-Boozer, this court held that R.C.2929.14(B), which governs the imposition of more than minimum sentences, does not implicate the Sixth Amendment as construed in Blakely.[1]
 {¶ 8} Accordingly, in conformity with that en banc opinion, McCall's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., concur.
[1] See my concurring and dissenting opinion in State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, and Judge James J. Sweeney's dissenting opinion in State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, in which I concurred.