JOURNAL ENTRY and OPINION
{¶ 1} Appellant Kenneth Garvin appeals from the trial court's imposition of a consecutive sentence. On appeal, he assigns the following error for our review:
"I. The appellant's sentence was unconstitutional as it was based upon enhancement factors which were not found by a jury. (Blakely v. Washington (2004), 124 S.Ct. 2531)
 {¶ 2} Having reviewed the record and applicable law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On December 19, 2003, the Cuyahoga County Grand Jury indicted Garvin in two separate cases. In Case No. 450853, the grand jury indicted Garvin for one count each of robbery, robbery with notice of prior conviction, failure to comply with an order or signal of a police officer, and possession of criminal tools. In Case No. 446790, the grand jury indicted Garvin for one count each of safe cracking and theft.
 {¶ 4} On April 21, 2004, in Case No. 450853, Garvin pled guilty to one count of robbery and one count of robbery with the notice of prior conviction deleted. In Case No. 446790, Garvin pled guilty to both safe cracking and to theft. The trial court referred Garvin to the probation department for a pre-sentence investigative report, and scheduled sentencing for May 21, 2004.
 {¶ 5} At the sentencing hearing, the trial court considered Garvin's prior criminal record and his history of probation violations. Additionally, the trial court considered the harm to the victim. Consequently, in the first case, the trial court imposed a sentence of three years on the first count of robbery and five years on the amended second count of robbery. The trial court ordered both counts to be served concurrently. In the second case, the trial court imposed a concurrent sentence of one year for safe cracking, and six months for theft. Finally, the trial court ordered the sentences in the two separate cases to be served consecutively for an aggregate term of incarceration of six years. Garvin now appeals.
 CONSECUTIVE SENTENCE {¶ 6} In his sole assigned error, Garvin contends that his consecutive sentence violates the U.S. Supreme Court's decision in Blakely v.Washington.[1] However, this issue has been addressed in this court's en banc decision of State v. Lett.[2] In Lett, we held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject Garvin's contentions and overrule his sole assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Kilbane, J., concur.
[1] (2004) 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[2] Cuyahoga App. Nos. 84707 and 84729, 2005 Ohio 2666.