JOURNAL ENTRY AND OPINION
{¶ 1} Nina Coleman appeals from a trial court order sentencing her to serve two twelve-month concurrent sentences on charges of theft and grand theft motor vehicle. She claims that the court violated the United States Supreme Court's holding in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, when it sentenced her to more than the minimum sentence. We affirm.
 {¶ 2} On April 15, 2004, Coleman was indicted in case number CR450895 on one count of receiving stolen property, in violation of R.C. 2913.51. On July 15, 2004, and while awaiting trial on the pending charges, Coleman was indicted in case number CR454195 on one count of theft and one count of aggravated theft, both in violation of R.C. 2913.02. On September 28, 2004, Coleman was again indicted in case number CR456822 on one count of grand theft motor vehicle, in violation of R.C. 2913.02.
 {¶ 3} Coleman entered a plea agreement with the state whereby the trial court would nolle the charges of receiving stolen property in case number CR450895 in exchange for a guilty plea to one count of theft in case number CR454195 and one count of grand theft motor vehicle in case number CR456822. The trial court accepted Coleman's plea and imposed a twelve-month sentence in each case, sentences to run concurrent.
 {¶ 4} She appeals from this sentence in a single assignment of error which states:
"THE SENTENCE IMPOSED AGAINST MS. COLEMAN, WHICH INVOLVED SENTENCINGENHANCEMENTS, NOT FOUND BY A JURY, IS UNCONSTITUTIONAL UNDER THE HOLDINGOF THE UNITED STATES SUPREME COURT IN BLAKELY V. WASHINGTON (2004),124 S.CT. 2531."
 {¶ 5} Coleman pled guilty to two fourth degree felonies. The possible sentence for a fourth degree felony is six to eighteen months in prison and up to a $5,000 fine. Coleman received two twelve-month concurrent sentences. Coleman contends on appeal that the trial court's imposition of anything other than the minimum sentence violates Blakely, supra. However, this court previously addressed the issue of nonminimum sentences in the en banc decision of State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. In Atkins-Boozer, this Court held that R.C. 2929.14(B), which governs the imposition of more than minimum sentences, does not implicate the Sixth Amendment as construed inBlakely.
 {¶ 6} For these reasons, Coleman's sole assignment of error lacks merit.
 {¶ 7} The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein axed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., And Corrigan, J., Concur