JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Leah Nowak ("Nowak"), pled no contest to theft and tampering with records. The trial court sentenced Nowak to six months in prison for theft to be served concurrently with three years of community control sanctions for tampering with records. Nowak appeals her sentence.
 I. {¶ 2} Nowak contends in her first assignment of error that the trial court erred in failing to impose community control sanctions for her theft offense, especially when she was sentenced to community control sanctions for her tampering with records offense. She argues that the trial court did not make the required findings to impose a prison sentence. The record, however, belies Nowak's argument.
 {¶ 3} R.C. 2929.13(B)(2) provides as follows:
 {¶ 4} "(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 5} "(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
 {¶ 6} Here, the trial court made a specific finding, pursuant to R.C. 2929(B)(1)(d), that Nowak committed the offenses while in a position of trust with her employer. The trial court also considered the following factors, pursuant to R.C. 2929.12(B)(2),(6) and (D)(2), (3), and (5), that Nowak caused her employer, the victim, serious economic harm, the employment relationship between Nowak and her victim facilitated the offenses, Nowak has a prior criminal conviction, Nowak has not responded favorably to community control sanctions as she violated her prior probation, and Nowak has failed to show any remorse for her crimes. Although the trial court did not expressly state on the record that Nowak is "not amenable to an available community control sanction," it did specifically find that Nowak has violated her prior probation, suggesting that the chances of Nowak responding favorably to yet another community control sanction are slim and the chances of recidivism great. It can be reasonably deduced from the transcript that the trial court found Nowak's theft offense to be particularly serious and demeaning of its seriousness to impose a community control sanction. Thus, Nowak's first assignment of error is overruled.
 II. {¶ 7} Nowak argues in her second assignment of error that her "more than the minimum" prison sentence is unconstitutional under Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. However, this court has held that a prison sentence of "more than the minimum" does not violate the offender's Sixth Amendment right to a jury trial as construed by Blakely. State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, ¶ 30.
 {¶ 8} Here, Nowak's theft offense is a fourth degree felony, which carries a possible prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). The tampering with records offense is a fifth degree felony, carrying a possible prison term of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). The trial court specifically found that the minimum six month prison term was necessary for Nowak's theft offense because it would help to deter her from future crime and it was commensurate with the seriousness of the offense. It likewise found that a community control sanction was appropriate for her tampering with records offense. Because the trial court did not impose "more than the minimum" for either of Nowak's crimes, her second assignment of error is overruled and her sentence is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, P.J., and McMONAGLE, J., concur.