JOURNAL ENTRY and OPINION
{¶ 1} Appellant Marion Spraggins appeals his convictions for possession of drugs, drug trafficking, and possession of criminal tools. Spraggins assigns the following three errors for our review:
"I. The State failed to present sufficient evidence that appellant committed this crime."
"II. Appellant's conviction is against the manifest weight of the error."
"III. The trial court erred when it sentenced appellant to a prison sentence which exceeded the minimum sentence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Spraggins' convictions. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Spraggins on one count of possession of drugs, two counts of drug trafficking, and one count of possession of criminal tools. Spraggins entered a plea of not guilty; a jury trial commenced.
 {¶ 4} The evidence indicated that Spraggins and his girlfriend, Kendi Agee, were selling drugs out of their vehicle in the parking lot of a gas station located at Scranton and Clark Avenue. Detective Mitchell testified that on the evening of February 23, 2004, he and the undercover vice unit were investigating drug dealing in the area because it was known as a "hot spot" for drug transactions. Around 9:00 p.m., he observed a black female, later identified as Jeanette Simpson, approach Spraggins. Spraggins and Simpson engaged in a brief conversation. From Detective Mitchell's vantage point, he saw Simpson give Spraggins money that was folded in half. Spraggins then reached into his car and retrieved an item from the person seated in the front passenger seat and gave it to Simpson.
 {¶ 5} Detective Mitchell radioed the vice unit team that he just witnessed a hand-to-hand transaction and gave a description of the parties involved. As Simpson walked down the street, she was stopped by officers, who informed her that an officer witnessed her purchasing drugs. She then handed two small pieces of crack cocaine to the officers and admitted she just purchased them from a man at the gas station.
 {¶ 6} After receiving this information, Detective Mitchell detained Spraggins, who was driving out of the gas station parking lot in his vehicle. Spraggins was placed under arrest. A cell phone, pager, and $209 were found on his person. An inventory search of the vehicle revealed a bag of cocaine was stuffed between the front seats. Spraggins' girlfriend was also placed under arrest.
 {¶ 7} Jeanette Simpson testified that she purchased the drugs from Spraggins. She said it was a spontaneous purchase, as she did not arrange to meet him there. She gave him ten dollars in exchange for two small pieces of crack cocaine. She admitted that she has been a cocaine user for the past ten years; she has a prior record for multiple drug convictions and theft.
 {¶ 8} The jury found Spraggins guilty on all counts. The trial court sentenced Spraggins to sixteen months for possession of drugs on the fourth degree drug trafficking count, and nine months on the fifth degree drug trafficking count and possession of criminal tools.
 SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE {¶ 9} In his first and second assigned errors, Spraggins contends his convictions are not supported by sufficient evidence and are against the manifest weight because the testimony of a crack addict was the basis of his convictions.
 {¶ 10} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman:[1] "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."[2]
 {¶ 11} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks,[3] in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560, followed.)"
 {¶ 12} When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As the Ohio Supreme Court held, in State v. Thompkins:[4]
"Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Blacks, supra, at 1594.
"* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 {¶ 13} Spraggins' argument essentially contends his convictions are not supported by the evidence because the buyer, who testified against him, was not credible because she was a crack addict. The jury was apprised of the fact that Jeanette Simpson was a cocaine user for the past ten years. Therefore, presumably they took this into account when assessing her credibility. The credibility of witnesses is primarily an issue for the trier of fact, because the jury is in the best position to observe the witnesses' demeanor, voice inflection, and mannerisms in determining each witness's credibility.[5] Apparently, the jury found Simpson credible in spite of her drug habit.
 {¶ 14} Moreover, Simpson's testimony was corroborated by Detective Mitchell, who observed Simpson engage in a hand-to-hand transaction with Spraggins. In fact, Detective Mitchell's testimony, along with the fact two rocks of crack were recovered from Simpson, provided sufficient evidence on which to convict Spraggins. Thus, we find Spraggins' convictions are not based on insufficient evidence or against the manifest weight of the evidence. Accordingly, Spraggins' first and second assigned errors are overruled.
 BLAKELY {¶ 15} In his third assigned error, Spraggins contends the trial court's imposition of a non minimum sentence violates the U.S. Supreme Court's decision in Blakely v. Washington.[6]
 {¶ 16} This argument has been addressed in this court's en banc decision of State v. Atkins-Boozer.[7] In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of non minimum sentences, does not implicate the Sixth Amendment as construed in Blakely.
Accordingly, in conformity with that opinion, we reject Spraggins' argument and overrule his third assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Calabrese, Jr., J., concur.
[5] State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.
[1] (1978), 55 Ohio St.2d 261, syllabus.
[2] See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23; Statev. Davis (1988), 49 Ohio App.3d 109, 113.
[3] (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
[4] 78 Ohio St.3d 380, 386-387, 1997-Ohio-52.
[6] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403.
[7] (May 31, 2005), Cuyahoga App. No. 84151, 2005-Ohio-2666.