JOURNAL ENTRY AND OPINION
{¶ 1} Robert Spears appeals from the trial court's imposition of a five-year sentence following his guilty plea on charges of aggravated robbery, kidnapping and grand theft motor vehicle. He claims the trial court erred by enhancing his sentence in violation of Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. We affirm.
 {¶ 2} The record reveals that in November 2004, Spears and four accomplices abducted David Long and put him in the trunk of his car. With Long locked in the trunk, the accomplices got into Spears' car, and Spears drove the group to a gas station where they committed another armed robbery.
 {¶ 3} In January 2005, the grand jury indicted Spears on nine separate counts, which included: four counts of aggravated robbery, in violation of R.C. 2911.01; four counts of kidnapping, in violation of R.C. 2905.01; and one count of grand theft motor vehicle, in violation of R.C. 2913.02. Each count included both one- and three-year firearm specifications.
 {¶ 4} In February 2005, Spears pleaded guilty to amended charges of two counts of aggravated robbery and four counts of kidnapping, both counts with one-year firearm specifications, and one count of grand theft motor vehicle. As part of his plea agreement, Spears also agreed to testify against his co-defendants.
 {¶ 5} In March 2005, Spears was sentenced to a one-year prison term on each firearm specification, which merged for purposes of sentencing, four years on each count of aggravated robbery and kidnapping, and seven months for the sole count of grand theft motor vehicle. All sentences were to run concurrently to each other and consecutively to the one-year firearm specification for a total sentence of five years.
 {¶ 6} Spears appeals from this conviction in a single assignment of error which states:
"THE SENTENCE IMPOSED AGAINST MR. SPEARS, WHICH INVOLVED SENTENCING ENHANCEMENTS, NOT FOUND BY A JURY, IS UNCONSTITUTIONAL UNDER THE HOLDING OF THE UNITED STATES SUPREME COURT IN BLAKELYV. WASHINGTON (2004), 124 S.Ct. 2531."
 {¶ 7} This court previously addressed the issue of nonminimum sentences in the en banc decision of State v. Atkins-Boozer,
Cuyahoga App. No. 84151, 2005-Ohio-2666. In Atkins-Boozer, this Court held that R.C. 2929.14(B), which governs the imposition of more than minimum sentences, does not implicate the Sixth Amendment as construed in Blakely.
 {¶ 8} Accordingly, in conformity with that opinion, we reject Spears' argument and overrule his sole assignment of error. Judgment Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Calabrese, Jr., concur.