JOURNAL ENTRY and OPINION
{¶ 1} Appellant Vernest Page appeals the sentence he received in conjunction with his guilty plea to domestic violence. Page assigns the following errors for our review:
"I. The sentence imposed against Mr. Page, which involved sentencing enhancements, not found by a jury, is unconstitutional, under the holding of the United States Supreme Court in Blakely v. Washington, (2004), 124 S.Ct. 2531."
"II. The trial court erred when it imposed more than the minimum term of imprisonment on Mr. Page without making the necessary findings required by R.C. 2929.14(B)."
 {¶ 2} Having reviewed the record and pertinent law, we affirm in part the conviction, but vacate the sentence and remand for resentencing. The apposite facts follow.
 {¶ 3} Page was indicted on one count of attempted felonious assault and one count of domestic violence. Page pled guilty to one count of domestic violence. In exchange, the attempted felonious assault count was nolled. The trial court sentenced Page to twelve months in prison. This sentence was less than the maximum of eighteen months and more than the minimum of six months.
 BLAKELY {¶ 4} In his first assigned error, Page contends the trial court's sentencing him to a non minimum sentence violated the United State's Supreme Court's decision of Blakely v.Washington.[1] We disagree.
 {¶ 5} As Page concedes, this court has decided this issue in our en banc decision of State v. Atkins-Boozer.[2] InAtkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of non minimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Until the Ohio Supreme Court holds otherwise, we will follow this court's precedent. Accordingly, in conformity with Atkins-Boozer, we reject Page's contention and overrule his first assigned error.
 NON MINIMUM SENTENCE {¶ 6} In his second assigned error, Page, who had never served a prison term before, argues the trial court erred by imposing more than the minimum sentence without making the requisite findings pursuant to R.C. 2929.14(B).
 {¶ 7} R.C. 2929.14(B) states:
"(B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 8} In the instant case, the trial court stated as follows when sentencing Page:
"Based upon your prior record on domestic violence, Mr. Page, the Court finds that you are not eligible for supervision at this time. You are going to serve twelve months in LCI."[3]
 {¶ 9} The State concedes, and we conclude, this finding is insufficient to meet the findings required by R.C. 2929.14(B). Although Page had prior offenses, including a prior offense for domestic violence, he was never sentenced to serve time in prison. He did previously serve time in "jail." However, time spent in "jail" is not equivalent to serving a prison term.[4] Therefore, it was mandatory that the trial court make the findings required by R.C. 2929.14(B). Because the trial court failed to make the requisite findings, we vacate Page's sentence and remand the matter for resentencing. Accordingly, Page's second assigned error is sustained.
 {¶ 10} Judgment conviction affirmed, sentence vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Rocco, J., Concur.
[1] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[2] (May 31, 2005), Cuyahoga App. No. 84151, 2005-Ohio-2666.
[3] Tr. at 20.
[4] See R.C. 2929.01(V) and 2929.01(CC); see, also, State v.Edmonson (1999), 86 Ohio St.3d 324, 328, fn. 1; State v. Edel,
Cuyahoga App. No. 79343, 2002-Ohio-651; State v. Lyons,
Cuyahoga App. No. 80220, 2002-Ohio-342; State v. Cook (Dec. 7, 2000), Cuyahoga App. No. 77101.