JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Charles Collins ("defendant"), appeals from his sentence that exceeds the minimum prison term and imposes consecutive prison terms. For the reasons that follow, we affirm.
 {¶ 2} This matter returns following the resentencing hearing held pursuant to this Court's decision in State v. Collins,
Cuyahoga App. No. 78596, 2004-Ohio-5855. At resentencing, the trial court reduced defendant's prison term from 24 years to a total sentence of 13 years. Defendant assigns one error for our review:
 {¶ 3} "I. The imposition of greater-than-minimum and/or consecutive sentences based upon findings neither found by a jury and proven beyond a reasonable doubt, nor admitted by appellant, constitutes a denial of appellant's right to a jury trial and a denial of due process of law, in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 10 and 16 of the Constitution of the State of Ohio."
 {¶ 4} Defendant contends that his sentence violates his constitutional rights to jury trial and due process under the authority of the United States Supreme Court's decisions inBlakely v. Washington, (2004), 542 U.S. 296 and Booker v.United States (2005), 543 U.S. 220. Defendant maintains it was unconstitutional for the trial court to impose more than the minimum prison sentence and to impose consecutive sentences due to the judicial fact finding mandated by Ohio's sentencing laws.
 {¶ 5} Defendant's argument has been addressed and rejected by en banc decisions of this Court. State v. Atkins-Boozer,
Cuyahoga App. No. 84151, 2005-Ohio-2666, ¶ 30 (imposition of more than minimum sentence "does not implicate the Sixth Amendment as construed in Blakely."); State v. Lett, 161 Ohio App.3d 274,2005-Ohio-2665, ¶¶ 25 and 47 (trial court's imposition of maximum and consecutive sentences do not implicate the Sixth Amendment as construed in Blakely.)[1]
 {¶ 6} Defendant's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., concurs.
 Cooney, J., dissents. (See dissenting opinion attached).
[1] We decline to follow the rationale of the dissent for the reason that the issue of post-release control was not raised or argued by either party in this appeal. Further, Hernandez v.Kelly, ___ Ohio St.3d ___, 2006-Ohio-126 is not analogous since it concerned a petition for a writ of habeas corpus rather than an error that was the proper subject of a direct appeal.
 DISSENTING OPINION