[Cite as *State v. Sanders*, 2023-Ohio-1565.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,       :

                        No. 111807

    v.                        :

GREGORY SANDERS,                  :

    Defendant-Appellant.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED,
               AND REMANDED IN PART
**RELEASED AND JOURNALIZED:** May 11, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660225-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Adrienne Linnick and Benjamin Fuchs, Assistant Prosecuting Attorneys, *for appellee.*

Edward M. Heindel, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Gregory Sanders appeals from his judgment of conviction, which was rendered after a jury trial. After a thorough review of the facts and pertinent law, we affirm in part, reverse, and remand in part.

**Procedural and Factual History**

{¶ 2} In August 2021, a Cuyahoga County Grand Jury indicted Sanders on the following counts: Counts 1 and 2, gross sexual imposition; Count 3, disseminating matter harmful to juveniles, with a furthermore clause that the material was obscene and the juvenile was under 13 years of age; and Counts 4 and 5, endangering children, both counts containing a notice of prior conviction and a repeat violent offender specification. Counts 4 and 5 also both contained furthermore clauses that the violation resulted in serious physical harm to the victim. The case proceeded to a jury trial, except for the notices of prior conviction and repeat violent offender specifications, which were tried to the bench.

**Trial Testimony**

{¶ 3} The victim in this case is a minor boy, who was seven-years-old at the relevant time. His mother was dating Sanders. On the day of the incident, Sanders drove the victim and his mother to a residence, whereupon the mother exited the car, leaving the victim and Sanders alone to await the mother's return. The victim was sitting in the front passenger seat and Sanders was sitting in the driver's seat. The victim testified that while alone in the car with Sanders, Sanders "grabbed" his (the victim's) hand and put it on Sanders's "private." The victim testified that by

"private" he meant Sanders's "pee-pee," the part of his body where his "pee" comes out.

{¶ 4} The victim further testified that, during that same encounter, Sanders showed him a video on Sanders's cell phone of the victim's mother putting her mouth on another man's "private." The victim testified that by "private" he meant the same area that Sanders had moments before made him touch. Sanders told the victim that the woman in the video was his mother and that the man was not him (Sanders). Sanders stopped the video when he saw the victim's mother returning to the car.

{¶ 5} The victim testified that he told his mother about the incident the following day, but she acted like "nothing happened." During her testimony, the mother acknowledged that her son told her about an incident he had with Sanders. The mother testified that she "moved forward with her life. [She] didn't play into it too much." The mother explained that she "felt it was more like hearsay."

{¶ 6} Sometime after the incident, the victim went to Columbus, Ohio to stay with his great aunt for a period of time. While at the great aunt's house, the victim disclosed the incident to her. The great aunt reported the incident to child protective services officials, who reported it to law enforcement officials. The victim was interviewed twice during the investigative stage. During the second interview, the victim stated that no one had touched him inappropriately. The video that the victim testified Sanders showed him was never recovered.

{¶ 7} After the state rested its case, it dismissed Count 2, gross sexual imposition. The state also sought, and was granted, an amendment to the indictment to reflect the dates of the alleged incidents as established by the testimony and evidence.

{¶ 8} The defense made a Crim.R. 29 motion for judgment of acquittal as to the remaining counts. The trial court denied the Crim.R. 29 motion as to the underlying charges, but granted it in regard to the furthermore clauses, notices of prior conviction, and repeat violent offender specifications attendant to the endangering children counts, Counts 4 and 5. The defense rested without presenting witnesses and renewed its Crim.R. 29 motion as to the remaining counts, which the trial court denied.

{¶ 9} After its deliberations, the jury found Sanders not guilty of the remaining gross sexual imposition charge (Count 1) and guilty of the remaining charges, disseminating matter harmful to juveniles (Count 3) and the two counts of endangering children (Counts 4 and 5). The trial court sentenced Sanders to 17 months on Count 3 and six months on both Counts 4 and 5. The sentences were ordered to be served concurrently, for a total 17-month prison term.

**Assignments of Error**

I.  The conviction for disseminating matter harmful to a juvenile was not supported by sufficient evidence.

II. The conviction for disseminating matter harmful to a juvenile was against the manifest weight of the evidence.

III. The trial court erred when it failed to merge the offenses of disseminating matter harmful to a juvenile with two counts of endangering children.

## Law and Analysis

## Sufficiency of the Evidence

{¶ 10} In his first assignment of error, Sanders contends that the state failed to present sufficient evidence to support his disseminating matter harmful to juveniles conviction.

{¶ 11} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

{¶ 12} Sanders was convicted of disseminating matter harmful to juveniles under R.C. 2907.31(A)(3), which provides that "[n]o person, with knowledge of its character or content, shall recklessly * * * [w]hile in the physical proximity of the juvenile * * * allow any juvenile * * * to review or peruse any material or view any live performance that is harmful to juveniles." Sanders was also convicted of the furthermore clause, under which the jury found that the material or performance involved was obscene and the victim was under 13 years of age. *See* R.C. 2907.31(F).

{¶ 13} Sanders contends that, because the video was never recovered and, according to him, there was a lack of specificity from the victim about the contents of the video, the evidence was insufficient to deem it obscene. Sanders further contends that the one-time occurrence was insufficient to support the disseminating matter harmful to juveniles conviction. We disagree.

{¶ 14} Material or performance is deemed obscene

> [w]hen considered as a whole, and judged with reference to ordinary adults or, if it is designed for sexual deviates or other specially susceptible group, judged with reference to that group, * * * any of the following apply:

> Its dominant appeal is to prurient interest;

> Its dominant tendency is to arouse lust by displaying or depicting sexual activity, masturbation, sexual excitement, or nudity in a way that tends to represent human beings as mere objects of sexual appetite[.]

R.C. 2907.01(F).

{¶ 15} The victim testified that in the video, his mother had her mouth on a man's "private." The victim testified that by "private" he meant Sanders's "pee-pee," the part of his body where his "pee" comes out. Sanders told the victim that the woman was the victim's mother and the man was not Sanders. Although the victim did not use anatomically correct language, his clarification was sufficient evidence as to what he was referring. The victim also testified that Sanders told him the woman in the video was his mother and the man was not him (Sanders). A video shown to a seven-year-old of his mother engaged in a sex act is sufficient evidence of obscenity. It was a display of sexual activity in a manner that tended to represent

a human being, in this case the victim's mother, as a mere object of sexual appetite. And the fact that it was a one-time occurrence does not diminish its obscene nature or that it was an act of disseminating matter harmful to juveniles. The statute does not quantify the matter.

{¶ 16} The first assignment of error is overruled.

**Manifest Weight of the Evidence**

{¶ 17} In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *State v. Armstrong*, 8th Dist. Cuyahoga No. 109709, 2021-Ohio-1087, ¶ 24. A reviewing court examines the entire record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 388, 678 N.E.2d 541 (1997). A conviction should be reversed as against the manifest weight of the evidence only in the most "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶ 18} In his second assignment of error, Sanders contends that "[n]o reasonable juror could find a video to be obscene without seeing the video." According to Sanders, "[t]he video was not described in enough detail to determine what it contained and whether it was matter harmful to a juvenile, let alone whether it was obscene." We disagree.

{¶ 19} This court and other Ohio courts have held that witness testimony alone can be sufficient to establish disseminating matter harmful to juveniles; recovery of the harmful or obscene material is not a prerequisite for a disseminating conviction. *See State v. Walls*, 2018-Ohio-329, 104 N.E.3d 280, ¶ 71 (6th Dist.); *State v. Chavez*, 8th Dist. Cuyahoga No. 99436, 2013-Ohio-4700, ¶ 27-28; *State v. Toth*, 9th Dist. Lorain No. 05CA008632, 2006-Ohio-2173, ¶ 33-34.

{¶ 20} In *Chavez*, this court held that a disseminating matter harmful to juveniles conviction was not against the manifest weight of the evidence when the trial testimony described a video displaying oral sex. *See id*. at ¶ 28; *see also State v. Murphy*, 8th Dist. Cuyahoga No. 107836, 2019-Ohio-4347, ¶ 33; *State v. Dissell*, 8th Dist. Cuyahoga No. 85072, 2005-Ohio-4395, ¶ 30.

{¶ 21} We find that the jury did not lose its way in convicting Sanders. The victim testified that Sanders showed him a video of the victim's mother performing oral sex on another man. The victim clarified what his reference to "private" meant. This court has held that showing a juvenile a video of such a nature is disseminating matter harmful to juveniles.

{¶ 22} On this record, the second assignment of error is without merit and overruled.

**Merger**

{¶ 23} For his final assignment of error, Sanders contends that the trial court erred by not merging the convictions on the one count of disseminating matter harmful to juveniles and the two counts of endangering children. Sanders failed to

raise the issue at the trial-court level and therefore our review is limited to plain error.

{¶ 24} "An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3.

{¶ 25} R.C. 2941.25, Ohio's allied-offenses statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 26} In determining whether offenses are subject to merger for sentencing under R.C. 2941.25, courts evaluate three separate factors — the import, the conduct, and the animus. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraphs one and three of the syllabus. Offenses do not merge, and a defendant may be convicted of and sentenced for multiple offenses if any one of the following is true: (1) the offenses are dissimilar in import or significance, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *Id.* at paragraph three of the syllabus, ¶ 25, 31.

{¶ 27} Offenses are dissimilar in import or significance within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 23. Thus, "a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.* at ¶ 26. "The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import." *Id.*

{¶ 28} Offenses are committed separately within the meaning of R.C. 2941.25(B) if "'one offense was complete before the other offense occurred, * * * notwithstanding their proximity in time and that one [offense] was committed in order to commit the other.'" *State v. Woodard*, 2d Dist. Montgomery No. 29110, 2022-Ohio-3081, ¶ 38, quoting *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, ¶ 24. Thus, "'when one offense is completed prior to the completion of another offense during the defendant's course of conduct, those offenses are separate acts.'" *Woodard* at *id.*, quoting *State v. Mooty*, 2014-Ohio-733, 9 N.E.3d 443, ¶ 49 (2d Dist.).

{¶ 29} For purposes of R.C. 2941.25(B), animus has been defined as "'"purpose or more properly, immediate motive."'" *State v. Priest*, 8th Dist. Cuyahoga No. 106947, 2018-Ohio-5355, ¶ 12, quoting *State v. Bailey*, 8th Dist. Cuyahoga No. 100993, 2014-Ohio-4684, ¶ 34, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). "'If the defendant acted with the same purpose,

intent, or motive in both instances, the animus is identical for both offenses.'" *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 12, quoting *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 13. "Animus is often difficult to prove directly, but must be inferred from the surrounding circumstances." *Lane* at *id.*, citing *State v. Lung*, 12th Dist. Brown No. CA2012-03-004, 2012-Ohio-5352, ¶ 12.

{¶ 30} Sanders contends that this case was based on two alleged acts: (1) Sanders having the victim touch his penis (the remaining gross sexual imposition count), and (2) Sanders showing the victim a video of his mother in a sex act (the disseminating matter harmful to juveniles count). He was found not guilty of the gross sexual imposition count, and Sanders contends that there was not "any third or fourth act which might have been criminal[;] thus, '[t]he three convictions should have merged into one.'"

{¶ 31} On the other hand, the state contends that there were three separate crimes: (1) Sanders showing the video to the victim, (2) Sanders exposing his penis to the victim (one count of gross sexual imposition), and (3) Sanders forcing the victim to touch his penis (the other count of gross sexual imposition). What the state's contention overlooks is that one count of gross sexual imposition was resolved when the state dismissed it, and the jury found Sanders not guilty of the other count. Thus, there was just one act on which Sanders was convicted —

showing the victim the video. Although the one act constituted more than one crime, for the purpose of sentencing, all the counts should have merged.[1]

{¶ 32} Thus, the trial court committed plain error by not merging the counts at sentencing. We sustain Sanders's third assignment of error and remand for resentencing so that the convictions can be merged.

{¶ 33} Judgment affirmed in part; reversed and remanded in part.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 34} Although I fully concur with the majority's disposition of the first and second assignments of error, I respectfully dissent from the majority's

---

[1] The two counts of endangering children charged alternative ways of committing the crimes — either by recklessly abusing the child (Count 4, R.C. 2919.22(B)(1)) or by recklessly creating a substantial risk to the health or safety of the victim by violating a duty of care, protection, or support (Count 5, R.C. 2919.22(A)).

determination to sustain the third assignment of error and would affirm the judgment of the trial court.

{¶ 35} In my view, Sanders has not established the trial court committed plain error by failing to merge Counts 3, 4, and 5 for sentencing. While the import between the offenses is murky, there are sufficient distinctions in the conduct that occurred and the resulting harms such that Sanders cannot demonstrate a reasonable probability that he had been sentenced for allied offenses of similar import committed with the same conduct and without separate animus. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Further, plain error should be found only when necessary to correct a manifest miscarriage of justice and this is not that case.

{¶ 36} Sanders's only argument under his third assignment of error is that the trial court erred when it failed to merge the offense of disseminating matter harmful to a juvenile with the two counts of endangering children. Sanders maintains that the offenses are subject to merger because he was acquitted of gross sexual imposition, which related to the act of touching.[2] However, this does not require us to ignore the testimony provided or to presume that showing the video to

---

[2] Under the indictment, Counts 1 and 2 charged gross sexual imposition in violation of R.C. 2907.05(A)(4). Both of these counts related to sexual contact involving touching, but each had a different date range. The state dismissed Count 2, and Sanders was found not guilty of Count 1.

the victim was the sole basis for all three convictions.[3] As argued by the state, the victim testified to separate acts that occurred when he was alone in a car with Sanders, which conceivably involved separate conduct and separate resulting harms. The victim stated that Sanders "made me touch his private part" and "showed me a video" that had sexually explicit content involving the victim's mother. The victim also confirmed in his testimony that he could see Sanders's "pee-pee" and there was no clothing covering it. Each of these acts was sufficient for the convictions for endangering children, not simply the act of showing the video as argued by Sanders.

{¶ 37} Because Sanders has not established plain error in failing to merge the count of disseminating matters harmful to a juvenile, I would affirm the judgment of conviction on the three counts. For these reasons, I dissent in part.

---

[3] Arguably, the jury could have determined that Sanders was not guilty of gross sexual imposition, but guilty of endangering children based on the act of touching. Gross sexual imposition "requires a specific intent behind the touching — the touching must be intended to achieve sexual arousal or gratification." *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, ¶ 25.